IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAYANA GALVAN GUERRA,<br><br>    Petitioner,<br><br>v.<br><br>SAM OLSON, *et al.*,<br><br>    Respondents. | Case No. 25 C 14620<br><br>Hon. LaShonda A. Hunt |

### ORDER

    Petitioner Dayana Galvan Guerra brings this emergency petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that she is being unlawfully detained during the pendency of removal proceedings. For the reasons discussed below, the Court grants Petitioner's Petition for Writ of Habeas Corpus [1] as set forth herein. Respondents are ordered to provide Petitioner with a bond hearing **on or before December 19, 2025, or release Petitioner from custody under reasonable conditions of supervision**. By **December 23, 2025**, the parties shall file a joint status report informing the Court as to Petitioner's release status, when Petitioner received her bond hearing, the result of the bond hearing, and any findings made by the Immigration Judge.

### STATEMENT

    Petitioner, a citizen of Columbia, arrived in the United States about three years ago and lives in Lockbourne, Ohio. (Pet. ¶¶ 15, 40, Dkt. 1). Petitioner currently has a pending asylum application and was detained by agents of the Department of Homeland Security ("DHS") at a check-in appointment with the Department on December 2, 2025. (*Id.* ¶ 44). Petitioner claims that she has not been given the opportunity to post bond or to be released on other conditions. (*Id.* ¶ 45).

    Petitioner brings one claim for violation of the Immigration and Nationality Act (Count I), and one claim for violation of the Fifth Amendment right to due process (Count II). (*Id.* ¶¶ 48-54). Among other relief, Petitioner requests that this Court issue a Writ of Habeas Corpus requiring Respondents to release Petitioner or provide Petitioner with a bond hearing. (*Id.* at 12).[1]

    In response, Respondents contends that the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I.&N. Dec. 216 (BIA 2025), which was decided in September 2025, applies to this case and thus Petitioner—a foreign national who entered the United States without

---

[1] Unless otherwise noted, page numbers in citations to the docket reference "PageID #" in the CM/ECF header of the filing, not other page numbers in the header or footer of the document.

inspection—is not entitled to a bond hearing under Section 1226(a). (Resp. at 24; Dkt. 7). In addition, Respondents argue that the Court lacks jurisdiction over the issues presented in this case pursuant to jurisdictional bars in 8 U.S.C. § 1252 and that those never admitted to the United States do not qualify for bond. (*Id.* at 24-25). Respondents have raised these arguments in other similar cases throughout this District and across the country and they acknowledge that this case "is not distinguishable from them in any material respect." (*Id.* at 24). Nonetheless, their arguments have repeatedly been rejected, and, with this Order, are rejected yet again.

Many courts have considered issues nearly identical, if not identical, to the ones presented in this case. Each has held that the petitioner is entitled to, at a minimum, a bond hearing pursuant to Section 1226(a). *See Ochoa Ochoa v. Noem et al.*, Case No. 25 C 10865, 2025 WL 2938779 (N.D. Ill. Oct. 16, 2025); *H.G.V.U. v. Smith et al.*, Case No. 25 C 10931, 2025 WL 2962610 (N.D. Ill. Oct. 20, 2025); *Z.T. et al. v. Smith et al.*, Case No. 25 C 12802 at Dkt. 14 (N.D. Ill. Oct. 21, 2025); *Torres Maldonado v. Crowley*, Case No. 25 C 12762 at Dkt. 16 (N.D. Ill. Oct. 24, 2025). The Court has thoroughly reviewed these rulings and adopts their well-reasoned analyses and conclusions. The Court acknowledges that some courts have reached the opposite conclusion (Resp. at 25-26) but finds the decisions applying 8 U.S.C. § 1226(a) to be more convincing. Thus, Respondents are ordered to provide Petitioner with a bond hearing **on or before December 19, 2025, or release Petitioner from custody under reasonable conditions of supervision**. By **December 23, 2025**, the parties shall file a joint status report informing the Court as to Petitioner's release status, when Petitioner received her bond hearing, the result of the bond hearing, and any findings made by the Immigration Judge. The Court will enter an appropriate order after reviewing the joint status report.

**DATED**: December 12, 2025       **ENTERED**:

*[signature: LaShonda A. Hunt]*

LASHONDA A. HUNT
United States District Judge

2